**FILED**

JAMES J. VILT, JR. - CLERK

APR 1 8 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                         PLAINTIFF


v.                                              CRIMINAL NO. 3:25-CR-56-BJB


RAMIRO GALEANA-ARZATE                                           DEFENDANT


### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Michael A. Bennett, United States Attorney for the Western District of

Kentucky, and defendant, Ramiro Galeana-Arzate, and his attorney, Aaron Dyke, have agreed

upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with a violation of Title 18, United States Code, Sections 1326(a).

2.      Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charge.  The parties agree to the following

factual basis for this plea:

On or about March 13, 2025, in the Western District of Kentucky, in Jefferson County,

the defendant, Ramiro Galeana-Arzate, an alien, was found in the United States after having

been denied admission, excluded, deported, and removed from the United States on or about

December 4, 2020, and not having obtained the express consent of the Secretary of the

Department of Homeland Security to reapply for admission to the United States.

  Ramiro Galeana-Arzate is a Mexican citizen who previously entered the U.S. unlawfully

and was removed to Mexico on December 4, 2020. Felipe was located in Louisville, Kentucky

on May 23, 2024, by ERO. He was taken into custody on March 13, 2025. Galeana-Arzate's

fingerprints positively identified him to ERO/HSI as the previously removed Mexican citizen

Ramiro Galeana-Arzate. Ramiro Galeana-Arzate has not received permission to reenter the

United States since his removal in 2020 and voluntarily returned to the United States.

  4. Defendant understands that the charge to which he will plead guilty carries a

maximum term of imprisonment of 2 years, a maximum fine of $250,000, and a 1-year term of

supervised release. Defendant understands that an additional term of imprisonment may be

ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

  5. Defendant recognizes that pleading guilty may have consequences with respect to

his immigration status if he is not a citizen of the United States. Under federal law, a broad range

of crimes are removable offenses, which may include the offense to which Defendant is pleading

guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions,

which may include Defendant's conviction, may expose him to denaturalization under federal

law. Because removal, denaturalization, and other immigration consequences are handled in

separate proceedings, Defendant understands that no one, including his attorney or the U.S. District

Court, can predict with certainty how his conviction may affect his immigration, naturalization, or

citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

may lead to adverse immigration consequences, including denaturalization and possible automatic

removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

3

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11.      At the time of sentencing, the United States and the defendant will:

-recommend a prison sentence at the lowest end of the applicable guideline range.

-recommend a 1-year term of supervised release to follow the term of imprisonment.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-recommend a reduction of 2 levels from the applicable Guideline Range pursuant to the USSG §5K3.1 Early Disposition Program.

- agree that to participate in the Early Disposition Program under USSG §5K3.1, the defendant agrees not to file any of the motions described in Fed. R. Crim. P. 12(b)(3) and agrees to waive the right to argue for a variance under 18 U.S.C. § 3553(a).
-the defendant agrees to waive a full presentence investigation.

12.    Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined as follows:

<u>Illegal Reentry Guideline Calculation</u>

| | |
|---|---|
| 8 | 2L1.2(a) – base offense level |
| +10 | 2L1.2(b)(3)(A) – felony conviction of 5 years after prior removal |
| 18 | subtotal |
| -3 | 3E1.1(a) – acceptance of responsibility |
| 15 | Total offense level |

B.    The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.    The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.  Defendant agrees to the following waivers of appellate and post-conviction rights:

A.  The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence

imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5).  The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

15.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

16.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19.     Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

20.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed

the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_A. Spencer McKiness_____     _4-18-25_____
A. Spencer McKiness                          Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

8

_Ramiro_ _____     _4-18-25_ _____

Ramiro Galeana-Arzate                     Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.


_Aaron Dyke_ _____     _4/18/25_ _____

Aaron Dyke                                Date
Counsel for Defendant

MAB:asm:20250409

9